IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAKOTA KELLER, S14303, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-712-MAB |
| ) | |
| VILLAZON SANCHEZ, ) | |
| SGT. SPENCER, ) | |
| PINCKNEYVILLE CORR. CTR., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM & ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Dakota Keller, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff alleges that the defendants either used excessive force against him or refused medical/mental health care.

The Complaint (Doc. 1) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

1

from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that on December 17, 2024, he was escorted to segregation after a fight. (Doc. 1 at 6). Plaintiff asked Defendant Sanchez for a crisis team, but Sanchez refused and instead encouraged him to commit self-harm. Plaintiff became distraught and began trying to hang himself with his thermal shirt so that he would receive mental health care or would cause himself harm. (Doc. 1 at 6). Sanchez returned and sprayed him with an entire can of pepper spray. (Doc. 1 at 7). Sanchez then grabbed Plaintiff to escort him to crisis watch. (Doc. 1 at 7). Along the way, Plaintiff alleges that Sanchez intentionally and violently rammed Plaintiff into doorframes and walls. Plaintiff claims this caused a black eye. (Doc. 1 at 7).

Upon arrival at the crisis watch area, Plaintiff asked Defendant Spencer for a shower because he was covered in pepper spray. Spencer insisted he should have received a shower at his previous housing location, and he refused further assistance. (Doc. 1 at 7). The next day, Plaintiff was seen by a mental health provider who noted his blackened and swollen eye. He asked her for hygiene supplies to clean off the pepper spray, and she told staff to provide him with supplies.

Plaintiff alleges that from December 27, 2024, through January 23, 2025, Sanchez harassed him by telling other individuals in custody that he was incarcerated for sex crimes. He further alleges Sanchez spit in his food trays.

2

Plaintiff seeks monetary compensation. In support of the complaint, he submitted documents showing that a disciplinary infraction was expunged, and that he submitted a grievance in February of 2025. (Doc. 1 at 9-13).

Based on the allegations in the Complaint the Court designates the following Claims:

> Claim 1: **Eighth Amendment deliberate indifference claim against Defendant Sanchez for harassment or refusal of mental health services;**
>
> Claim 2: **Eighth Amendment excessive force claim against Defendant Sanchez for using pepper spray and ramming Plaintiff into doors or walls, causing injury; and**
>
> Claim 3: **Eighth Amendment deliberate indifference claim against Defendant Spencer for refusing to allow Plaintiff to shower after he was pepper sprayed.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## PRELIMINARY DISMISSAL

Plaintiff named Pinckneyville Correctional Center as a defendant, but the prison itself is not a "person" subject to liability under § 1983. Therefore, Pinckneyville will be dismissed without prejudice.

## DISCUSSION

Most verbal harassment does not rise to the level of an actionable § 1983 claim, but verbal harassment that preys upon an individual inmate's characteristics may be actionable. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review); *Brand v. Oglesby*, 2021 WL 4262447 at *1 (S.D. Ill. 2021) (finding a claim insufficient where plaintiff alleged that a guard ran into his cell, verbally threatened him, and indicated he would deploy pepper spray if plaintiff moved). Some threats may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009). "The test for what constitutes cruel and unusual punishment is an objective one. It is not the actual fear of the victim, but what a "reasonable victim" would fear." *Id.* Additionally in *Lisle v. Welborn*, 933 F.3d 705, 716-20 (7th Cir. 2019), the Court discussed the possibility of some conduct by staff that falls at the intersection of cruel and unusual punishment and deliberate indifference. In *Lisle*, the Court specifically addressed a nurse who taunted an inmate in relation to his suicidal tendencies.

Here, the alleged conduct by Sanchez is similar in nature to the conduct in *Lisle*. The Plaintiff alleges he was suffering a mental crisis, and that Sanchez refused help and caused him greater distress. He further claims that after the incident, Sanchez continued to cause him problems by telling other inmates that he was a person who had committed sex crimes, and by spitting in his food. Coupled with the earlier harassment, it is not

implausible that this course of conduct is sufficient to state a plausible Eighth Amendment claim. Thus, Claim 1 may proceed against Sanchez.

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim is not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Here, Plaintiff alleges that he was pepper sprayed during an active incident of self-harm, and Sanchez then intentionally pushed him into walls and doors, causing a black eye. It is unclear if Sanchez needed to use any method of force to gain Plaintiff's attention, or if the use was malicious and sadistic. *See e.g. Smith v. Kind*, 2025 WL 1537434 at * 4 (7th Cir. May 30, 2025) (finding that an officer could possibly be held liable for deliberate indifference where he used pepper spray during a cell extraction on an inmate who previously complied with a different form of cell extraction). Between the pepper spray, and pushing Plaintiff into walls and doorframes, Plaintiff will be allowed to proceed for now on Claim 2 against Sanchez.

Plaintiff faults Defendant Spencer for refusing him a shower to wash off pepper spray that coated his body. It is important to note that exposure to pepper spray is not automatically considered to be a serious medical need. *See e.g., Hughes v. Durrent,* 2017 WL 3978702 at * 10 (N.D. Ill. Sept. 11, 2017) (collecting cases for the proposition that exposure to OC or pepper spray does not immediately create a serious medical need). However, here Plaintiff does not fault Spencer for denying his medical needs. Instead,

5

this claim is better viewed as a generic cruel and unusual punishment claim. Plaintiff alleges that he told Spencer that he needed to take a shower to remove pepper spray from his body, but Spencer refused, and he was forced to wait until a mental health appointment the following day to seek care. At this preliminary juncture, Plaintiff's allegations are sufficient to proceed on Claim 3. *See e.g., Sanders v. Fredricks*, 2016 WL 8711472 at * 8 (N.D. Ill. Jan. 8, 2016) (collecting cases for the proposition that some courts have found a brief delay in decontamination is not enough for a constitutional violation but finding that defendants who forced an inmate to sit in a bullpen with his face and eyes covered in pepper spray might have strong enough facts for a claim).

### MOTION FOR RECRUITMENT OF COUNSEL

There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Here, Plaintiff has provided proof that he attempted to directly contact and recruit at least one attorney, and he avers that he contacted more attorneys but got no response.

Because the Plaintiff has demonstrated efforts to recruit his own counsel, the Court turns to considering the complexity of the case and plaintiff's competence to represent

himself. "Some of the circumstances that require judicial consideration are the phase of the litigation, if the prisoner has been transferred between facilities, if the claims involved the state of mind of the defendant such as those involving deliberate indifference, and if the case involves complex medical evidence, including expert testimony." *Thomas*, 951 F.3d at 860; *see Eagan v. Dempsey*, 987 F.3d 667, 682–83 (7th Cir. 2021). As for competence, "[a] judge will normally consider 'the plaintiff's literacy, communication skills, educational level, and litigation experience' along with any evidence in the record 'bearing on the plaintiff's intellectual capacity and psychological history.' But these are merely factors that are ordinarily relevant. No one factor is 'necessary or conclusive.'" *Jones v. Anderson*, 116 F.4th 669, 675-76 (7th Cir. 2024) (internal citations omitted).

Plaintiff alleges that he has some high school education, but he checked a box that he cannot speak, read, or write English very well. (Doc. 2 at 2). It is not clear why Plaintiff checked this box. His complaint is clearly written and easy to follow. He does not indicate if he had help from a fellow inmate, or if he prepared the pleading himself. Either way, for now, the Court finds Plaintiff's ability to prepare pleadings is sufficient for him to proceed on his own. Plaintiff's complaint sufficiently presented multiple claims, he managed to fill out and answer questions on the complaint form and his motion for counsel form, and the next steps will be straightforward. The Court will issue service on Plaintiff's behalf, and then the Defendants will file an answer. After an answer is filed, the Court will give the parties detailed instructions about the next steps in this case, which are usually limited to exchanging information about exhaustion. Plaintiff has already attached grievance documentation to his complaint, which suggests he could

likely navigate this phase on his own. If Plaintiff wishes to renew his motion later in this case, he should provide proof of letters from two more attorneys, or at least proof that he secured postage and sent out mail to two additional lawyers. He should also describe the specific aspect or aspects of the case that is hard for him to manage alone.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claims 1 and 2** survive against Defendant Sanchez and **Claim 3** proceeds against Defendants Spencer. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Pinckneyville Correctional Center because Plaintiff cannot plead a § 1983 claim against this entity.

The Clerk of Court is **DIRECTED** to prepare for Defendants Sanchez and Spencer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for

8

sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: June 23, 2025**

/s/ Mark A. Beatty  
**MARK A. BEATTY**  
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.